## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **Evelina Parker** | *<br>*<br>* |
| **Plaintiff,** | *<br>*   **Civil Action File No.** |
| v. | *   _____ |
| | *   **Jury Trial Demanded** |
| **Groome Transportation of Georgia, Inc.** | *<br>*<br>* |
| **Defendant.** | |

## COMPLAINT

Plaintiff Evelina Parker ("Plaintiff" or "Ms. Parker"), by and through undersigned counsel of record, files this Complaint for Damages against Groome Transportation of Georgia, Inc. ("Defendant" or "Groome Transportation"), showing the Court as follows:

### Nature of Complaint

1.

This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §201 *et seq*. Plaintiff seeks compensatory and

1

liquidated damages against Defendant for failure to pay federally-mandated overtime wages to Plaintiff during her employment with Defendant.

## II. JURISDICTION AND VENUE

2

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4) and 29 U.S.C. § 216(b).

3.

Defendant is based in Richmond Virginia.  However, Defendant does business within the State of Georgia and has offices located at 828 W. Peachtree Street, Atlanta GA  30303.

4.

All unlawful acts complained of herein took place within the State of Georgia.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. PARTIES

5.

Plaintiff Parker is a resident of the State of Georgia and resides within the Northern District.  Plaintiff is subject to the jurisdiction of this Court.

6.

Defendant Groome Transportation is a corporation doing business within the State of Georgia and maintains offices at 828 W. Peachtree Street, Atlanta GA 30308.  Defendant provides shuttle services to airports and to college students on college campuses, including Clark Atlanta University, Morehouse College, Spellman College, the Interdenominational Theological Center ("ITC") and previously to Morris Brown College.

7.

Groome Transportation may be served with process by delivering a copy of summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300 Gwinnett, Norcross GA  30092.

8.

Defendant Groome is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. §203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. §203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §203(s)(1), 206 and 207.

9.

Plaintiff performed non-exempt work for Defendant within the last three (3) years.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

## **FACTS**

12.

Plaintiff Parker worked for Defendant from November 7, 2010, until June 23, 2016.

13.

Plaintiff was not paid on a salary basis, but instead, received compensation at a rate of $15.90 per hour in years 2015 and 2016, and at a rate of $13.75 per hour during the year 2014.

14.

Ms. Parker held the title of "supervisor" and her primary responsibilities included scheduling drivers to ensure all transportation routes were covered,

addressing police reports filed in conjunction with accidents and keeping track of hours worked by drivers who reported to her.

15.

Although Defendant paid Plaintiff for a *few* overtime hours, Defendant routinely required Plaintiff to work off the clock, especially on weekends, without compensation.

16.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §201 *et seq.*

17.

While employed by Defendant, Plaintiff's work schedule was controlled by Groome Transportation, and her direct supervisor, Ed Owens.

18.

Defendant was short-staffed and required Plaintiff to work seven (7) days per week.  As a result, Plaintiff worked 75 hours or more each week, many of which were "off the clock".

19.

Plaintiff's supervisor was aware that Plaintiff was working off the clock but failed to compensate her for the off the clock hours at a rate of one and one-half times her regular rate of pay for hours worked over forty hours in a workweek.

When Plaintiff inquired about compensation for hours worked on the weekend without pay, Mr. Owens told Plaintiff that he would have to do something about her working off the clock without getting overtime pay, although Owens never followed through.

## CLAIM FOR RELIEF

20.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

21.

Plaintiff was regularly required to work more than forty hours per week.

22.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

23.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

24.

Defendant's conduct was willful and in bad faith.

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Grant leave to add additional state and federal law claims if necessary; and,

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 7th day of December 2016.

**THE MOLDEN LAW FIRM, LLC**

/s/Regina S. Molden

Regina S. Molden-Clowney
Georgia Bar. No. 515454
Peachtree Center – Harris Tower
233 Peachtree St., N.E.
Suite 1245
Atlanta, GA 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: RMolden@moldenlaw.com
Regina S. Molden, Esq.
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **Evelina Parker** | * |
| | * |
| **Plaintiff,** | * |
| | * **Civil Action File No.** |
| **v.** | * _____ |
| | * **Jury Trial Demanded** |
| **Groome Transportation of Georgia, Inc.** | * |
| | * |
| **Defendant.** | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that Plaintiff's Complaint has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Regina S. Molden
Regina S. Molden-Clowney
Georgia Bar. No. 515454